UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SHAABAN SHAABAN HAFED, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:10-cv-191-WTL-DML |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry and Order Directing Dismissal of Action**

**I.**

The request of plaintiff Hafed (dkt 2), a federal prisoner, to proceed *in forma pauperis* is **denied** and this action must be **dismissed**. This conclusion is based on the following facts and circumstances:

1.  Hafed is confined at a federal prison serving a sentence imposed by this court in No. 1:05-CR-34-LJM-KPF-01. He brings the present action pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), and perhaps pursuant to Rule 41(g) of the *Federal Rules of Criminal Procedure*, alleging that defendants United States of America, Timothy M. Morrison, Susan W. Brooks, Sharon M. Jackson, Byron P. Franz, John D. Tinder, Kennard P. Foster, and Keith Lonrdean conspired (as agents for Israel) to first, wrongfully convict him and to sentence him to a long prison term for his writings against Zionism and Israeli occupation, and second, to steal property improperly seized from his home on March 3, 2005, including antiques, scientific papers and discovery, historical documents, and paintings. Hafed seeks a detailed list of all property seized on March 3, 2005 which has not been returned and the return of that property or ten million dollars. He also seeks compensation for the property returned to him damaged in the amount of $146,000. His complaint is accompanied by his request to proceed *in forma pauperis*.

2.  Hafed has arguably demonstrated his present inability to prepay the $350.00 filing fee for this action. This explains his request to proceed *in forma pauperis*, a status

authorized in appropriate circumstances, 28 U.S.C. § 1915(a). Hafed's indigence is an impediment to payment of the filing fee at present, but is not a bar to the obligation to pay. "All § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996); *see also Longbehn v. United States,* 169 F.3d 1082, 1083 (7th Cir. 1999)("every litigant has the legal responsibility to pay the filing and docketing fees to the extent feasible"); *Hains v. Washington,* 131 F.3d 1248, 1250 (7th Cir. 1997).

3.      Hafed's present meager financial reserves do not tell the whole story in relation to his request to proceed *in forma pauperis.* The reason for this is Hafed's frivolous litigation under 28 U.S.C. § 1915(g). As noted in *Hafed v. The United States Court of Appeals for the 7th Circuit, et. al.,* No. 1:08-cv-06042 (N.D. Ill. Nov. 13, 2008), Hafed has "struck out" under 28 U.S.C. § 1915.[1] This renders him ineligible to proceed *in forma pauperis.*[2] These circumstances trigger the rule of *Sloan v. Lesza,* 181 F.3d 857, 859 (7th Cir. 1999), which states:

> An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that §1915(g) applies to a particular litigant will lead to immediate termination of the suit.

In No. 1:08-cv-06042, Judge Manning held and notified Hafed that "§ 1915(g) applie[d] to" Hafed. Accordingly, Hafed's present application to proceed *in forma pauperis* is **denied** and this action is **dismissed**.

## II.

"Every paper filed with [a court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the [c]ourt's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests for extraordinary writs does not promote that end." *In re McDonald,* 489 U.S. 180, 184 (1989); *see also In re Tyler,* 839 F.2d 1290, 1292 (8th Cir. 1988) ("Judicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.").

---

[1] Hafed's "strikes" were identified as: *Hafed v. Mueller*, No. 08 CV 836 (D.C. Col.) (dismissed as legally frivolous on Jul. 16, 2008; Weinshienk, J.); *Hafed v. The Government of the State of Israel*, No. 08 CV 773 (S.D. Ind.) (dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 1915A(b) on Jun. 20, 2008; Barker, J.); *Hafed v. Brooks*, No. 06 CV 5 (S.D. Ind.) (dismissed pursuant to 28 U.S.C. § 1915A(b) on Jan. 11, 2006; Tinder, J.).

[2] The exception under 28 U.S.C. § 1915(g), that a prisoner-*in forma pauperis* applicant "is under imminent danger of serious physical injury," does not apply to Hafed's claims or allegations in this case.

Hafed's frivolous filings are an abuse of both this court and of the judicial process as a whole. He has sought to "bamboozle the court" with his request to proceed *in forma pauperis* in this case. It will not be permitted, as explained in Part I of this Entry, and because of his history of abusive and frivolous litigation the action will be dismissed with prejudice.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


Date: 03/25/2010

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana